UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ORAH LEE PRESLEY III,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>GARDNER M TORRENCE SR., an individual; and JAMES M. TROUTT II, an individual,<br><br>　　　　　　　Defendants. | CASE NO. 3:13-CV-05040-BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants Gardner Torrence, Sr. ("Torrence") and James F. Troutt II's ("Troutt") (collectively "Defendants") motion to dismiss (Dkt. 10). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On January 18, 2013, Plaintiff Orah Lee Presley III ("Presley") filed a complaint against Defendants. Dkt. 1. Defendants filed a motion to dismiss on February 26, 2013.

1 Dkt. 10.  Presley filed a response on March 13, 2013.  Dkt 16.  Defendants then filed a
2 reply on March 18, 2013.  Dkt. 18.  On April 1, 2013, Presley improperly and untimely
3 filed a reply to Defendants' motion (Dkt. 22), a reply memorandum (Dkt. 21), and a
4 proposed order (Dkt. 23).  Because these pleadings were improperly filed, the Court did
5 not consider them in deciding this motion.

## II. FACTUAL BACKGROUND

### A.   The Parties

Presley is a suspended member of the M. W. Prince Hall Grand Lodge of Washington ("the Grand Lodge").  Dkt. 1 at 1.  Defendant Torrence is the Grand Master of the Grand Lodge and Defendant Troutt is the Grand Secretary of the Grand Lodge. Dkt. 11 at 1.  All three men are citizens of Washington State.  Dkt. 1 at 1; Dkt. 11 at 1.

### B.   Masonic Rules and Regulations

The Grand Lodge, which is not a party to this suit, is a Washington nonprofit corporation and Freemason Grand Lodge.  Dkt. 11 at 1.  Masonic rules are set forth in the 1903 Grand lodge Constitution and Bylaws.  *Id*. at 2.  Under Article 3 of the Constitution, the Grand Lodge must hold an annual meeting of all its members, called the Annual Communication, on the second Monday of July every year.  *Id*. at 5.  The Annual Communication is also known as the "Grand Lodge in Session."  Dkt. 10 at 4.  According to the Constitution, the Grand Master possesses almost total control over the Grand Lodge; however, every decision made by the Grand Master must ultimately be approved by the votes of the entire membership at the Annual Communication.  Dkt. 11 at 8.

In addition to being required to approve the Grand Master's decisions, Article 11 of the Constitution makes clear that the Grand Lodge in Session has "supreme, inherent and absolute legislative, judicial and executive Masonic authority and power . . . ." *Id*. at 7. Furthermore, Article 12, Section 14, confirms that the Grand Lodge in Session has the power to decide all appeals by members of any decisions. *Id*. at 8. In addition, Article 15, Section 15.08, of the Constitution states that members must exhaust Masonic remedies before initiating any civil action. *Id*. at 12. Finally, the Grand Lodge Bylaws, Title 207, specifies that appeals shall be submitted to the Grand Lodge in Session for review of "judgments, orders, verdicts, decisions or sentences . . . in any disciplinary proceedings . . . ." *Id*. at 22.

**C.     Presley's Complaint**

On November 7, 2013, Torrence, in his role as the Grand Master, suspended Presley from the Grand Lodge "for repetitive detrimental and unwarranted comments toward this office and ultimately a blatant form of 'Contumacy' toward the Office of the Grand Master." *Id*. at 24. Since being suspended, Mr. Presley has not taken any action to appeal Torrence's decision within the Grand Lodge. *Id.* at 2.

Presley's complaint contains allegations of "racketeering activities," "criminal activity," "fraud," "predicate acts" and the like. *See* Dkt. 1. Presley's accompanying Affidavit of Material Facts identifies one act by the Defendants, namely that of suspending Presley from Masonry. *See* Dkt. 2.

The next Annual Communication will be held in July. Although Presley has not filed an appeal of his suspension to the Grand Lodge, it is not too late for him to do so. Dkt. 11 at 2.

## III. DISCUSSION

**A.     Legal Standards**

    **1.     Federal Rule of Civil Procedure 12(b)(6)**

Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Where the petitioner is pro se, the court has an obligation, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt. *Bretz v. Kelman,*

773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc). Nonetheless, a pro se plaintiff must allege facts sufficient to allow a reviewing court to determine that a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982).

If a court dismisses a complaint under Rule 12(b)(6), it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). "[D]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (citation omitted).

**2.      Federal Rule of Civil Procedure 12(b)(1)**

Under Rule 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the court may look beyond the complaint. *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000) (district court may consider extrinsic evidence when deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction). However, the court may not resolve "genuinely disputed facts where the question of jurisdiction is dependent on the resolution of factual issues going to the merits." *Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir. 1987) (internal citation omitted). Where jurisdiction is "intertwined with the merits," the court must "assume the

truth of the allegations in the complaint . . . unless controverted by undisputed facts in the record." *White,* 227 F.3d at 1242.

**B.     Application of Legal Standards**

It appears, from a liberal reading of the complaint, that Presley alleges two claims. The first is that the Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. 1961, *et seq.* The second appears to be that Defendants wrongfully suspended Presley's membership to the Grand Lodge.

**1.     RICO Claim**

As stated above, to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.,* 550 U.S. at 570. This requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. Presley has failed to meet this burden.  The complaint fails to allege facts which describe any racketeering activity under 18 U.S.C. 1961(1) or any pattern of racketeering activity under 18 U.S.C. 1961(5).  Mere allegations of RICO violations, without specific facts showing more than a sheer possibility that Defendants have acted unlawfully, is insufficient to maintain a claim against Defendants.

The Court, therefore, grants Defendants' motion to dismiss Presley's RICO claim for failure to state a claim on which relief can be granted.  However, it is not absolutely clear that the deficiencies of the complaint could not be cured by amendment.  Therefore, the Court grants Presley leave to cure the factual deficiencies as discussed above.

## 2. Wrongful Suspension Claim

In addition to Presley's RICO claim, the complaint, if construed liberally, includes an allegation that Defendants wrongfully suspended Presley's contractual membership from the Grand Lodge. "As a general rule, courts refrain from interfering in the internal affairs of voluntary associations." *Anderson v. Enterprise Lodge No. 2*, 906 P.2d 962 (Wash. App. 1995). This judicial policy of non-interference is especially strong where fraternal organizations are concerned:

> Fraternities . . . involve primarily an element of fellowship and association which falls outside the law and the review of the courts. This element can have played no small part in the trend of the decisions touching the court's attitude toward the internal workings of such organizations.

*Washington Local Lodge No. 104 v. International Board of Boilermakers*, 183 P.2d 507, 510 (Wash. 1947). In *Lodge No. 104*, the court stated that exhaustion of internal remedies is a jurisdictional requirement when a member's dispute with a voluntary association is "of a nonfinancial, internal, and disciplinary nature." *Id.* at 509.

Here, the Constitution of the Grand Lodge unambiguously requires Presley to exhaust the remedies provided "by the Constitution, laws and regulations of this Grand Lodge" before filing a civil lawsuit. Dkt. 11 at 12. The uncontroverted record establishes that Presley did not appeal the decision of Grand Master Torrence to suspend him from the Grand Lodge to the Annual Communication. For this reason, the Court lacks jurisdiction to adjudicate this matter and therefore dismisses the wrongful suspension claim.

### IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 10) is **GRANTED**. To the extent Presley's complaint alleges a RICO violation, the Court grants leave to cure the factual deficiencies as discussed above, insomuch as the additional facts are necessary to allege a prima facie RICO violation. The Court may strike, sua sponte, any supplemental information provided that goes beyond the scope of this order and beyond alleging a prima facie RICO violation. Presley must file an amended complaint by April 19, 2013. If Presley fails to file his amended complaint by April 19, 2013, the Court will dismiss this case without prejudice and without further notice to the parties.

Dated this 8th day of April, 2013.

BENJAMIN H. SETTLE
United States District Judge